IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____
_____

**Case No. 13-12829**

ELIZABETH PICON,

                                              Appellant,

vs.

GALLAGHER BASSETT SERVICES, INC.,
A foreign corporation for profit,

                                              Appellee.

On Appeal from the United States District Court
for the Southern District of Florida, Case No. 12-23734
District Judge Jose E. Martinez

**REPLY BRIEF FOR APPELLANT, ELIZABETH PICON**

H. CLAY ROBERTS, ESQUIRE
Florida Bar Number 262307
Roberts & Durkee. P.A.,
Alhambra Towers, Penthouse I #121
Alhambra Plaza, Suite 1603
Coral Gables, FL 33134
Ph: (305)442-1700
Fax:(305)442-2559
roberts@rdlawnet.com

KIMBERLY A. HILL, ESQUIRE
Florida Bar Number 0814059
Kimberly A. Hill, P.L.
821 SE 7th Street
Fort Lauderdale, Fl 33301
ph: (954)533-4764
kimberlyhillappellatelaw@gmail.com

# **TABLE OF CONTENTS**

TABLE OF CONTENTS…………………………………………… i

TABLE OF AUTHORITIES……………………………………………ii

ARGUMENT…………………………………………………………..1

    I. THE DISTRICT COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF GALLAGHER BASSETT BECAUSE THERE WAS, AT LEAST, A POSSIBILITY THAT THE TRIER FACT COULD HAVE FOUND THAT GALLAGHER BASSETT WAS PRECLUDED BY JUDICIAL ESTOPPEL FROM RAISING EXCLUSIVITY OF THE WORKERS' COMPENSATION LAW BASED ON THE AMBIGUOUS NATURE OF ITS DENIAL…………………………………………….1

CONCLUSION……………………………………………………….10

CERTIFICATE OF SERVICE……………………………………….11

SERVICE LIST………………………………………………………12

# TABLE OF CITATIONS

**Cases**                                                                                   **Page**

*Celotex Corp. v. Catrett,*
477 U.S. 317 (1986)……………………………………………2

*Cespedes v. Yellow Transportation*,
38 Fla. L. Weekly D933b (Fla. 1st DCA April 24, 2013) …………..6

*Elliott v. Dugger*,
542 So.2d 392, 393 (Fla. 1st DCA 1989)…………………………..3, 7

*Jackson v. Merit Elec.*,
37 So. 3d 381, 383 (Fla. 1st DCA 2010)……………………………6

*Mena v. L.I.L. Construction Group Corp.*, & *Slorp Const. Co.,*
79 So.3d 219 (Fla. 4th DCA 2012)……………………………….3, 7

*Ocean Reef Club, Inc. v. Wilczewski*,
99 So.3d 1, 4 (Fla. 3rd DCA 2012) …………………………………1

*Schroeder v. Peoplease Corp.*,
18 So.3d 1165 (Fla. 1st DCA 2009)……………………………….3, 7

*Skop v. City of Atlanta,*
485 F.3d 1130, 1136 (11th Cir. 2007)……………………………….2

**Rules**                                                                                   **Page**

Fed. R. Civ. P. 56……………………………………………………2

**ARGUMENT**

THE DISTRICT COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF GALLAGHER BASSETT BECAUSE THERE WAS, AT LEAST, A POSSIBILITY THAT THE TRIER FACT COULD HAVE FOUND THAT GALLAGHER BASSETT WAS PRECLUDED BY JUDICIAL ESTOPPEL FROM RAISING EXCLUSIVITY OF THE WORKERS' COMPENSATION LAW BASED ON THE AMBIGUOUS NATURE OF ITS DENIAL.

Gallagher Bassett utilizes almost four pages of the argument portion of the answer brief to discuss provisions that are inapplicable to the issue before this court, which serves to detract from the real issue in this case. This case has absolutely nothing to do with the two well-recognized exceptions to workers' compensation immunity because Picon did not allege an intentional tort. Furthermore, there is no dispute that Gallagher Bassett had workers' compensation coverage in effect for all relevant periods. In fact, the sole issue before the court revolves around the question of whether the district court improperly granted summary judgment in favor of Gallagher Bassett based on the lesser-known doctrine of "judicial estoppel." *Ocean Reef Club, Inc. v. Wilczewski*, 99 So.3d 1, 4 (Fla. 3rd DCA 2012).

Gallagher Bassett asserts that it produced "abundant record evidence" to support summary judgment and that Picon failed to meet her burden to produce countervailing evidence demonstrating the existence of a disputed

1

material fact. This argument assumes that the burden shifted to Picon to produce countervailing evidence. Picon maintains that the burden never shifted because the record evidence viewed in the light most favorable to Picon, the non moving party, shows that Gallagher Bassett's denial is ambiguous and, as such, the district court improperly granted summary judgment.

Summary judgment is appropriate only when, following discovery, the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); Fed. R. Civ. P. 56. So, despite Gallagher Bassett's suggestion to the contrary, the burden never shifted to Picon to offer countervailing evidence because it never met its preliminary burden due to the ambiguous denial. *Skop v. City of Atlanta,* 485 F.3d 1130, 1136 (11th Cir. 2007). The ambiguous denial created a "factual" question for the jury as to the basis upon which Gallagher Bassett intended to deny the claim, regardless of what wording was utilized.

In attempting to sell its argument that Picon failed to put forth countervailing evidence, Gallagher Bassett unduly focuses on the lack of record evidence showing that it took "clearly irreconcilable positions." In

2

particular, Gallagher Bassett concentrates on the fact that it allegedly never denied the workers' compensation case on the basis that Picon did not sustain an accident arising out of and in the course and scope of her employment. Picon, of course, maintains that Gallagher Bassett did deny her claim on that basis which, in and of itself, creates an issue of fact on an issue material to the "judicial estoppel" claim.

It is true; there is no denial in which Gallagher Bassett utilizes those "magic words" or the specific language mentioned above. However, the question presented to this court, which was largely avoided by Gallagher Bassett in the answer brief, is whether its informal "denial" was ambiguous. The question, at this stage, is not whether there was any evidence presented by Picon to support that Gallagher Bassett took clearly irreconcilable positions; rather, the question is whether Gallagher Bassett's denial was ambiguous. *See Mena v. L.I.L. Construction Group Corp., & Slorp Const. Co.,* 79 So.3d 219 (Fla. 4th DCA 2012); *Schroeder v. Peoplease Corp.*, 18 So.3d 1165 (Fla. 1st DCA 2009) and *Elliott v. Dugger*, 542 So.2d 392, 393 (Fla. 1st DCA 1989).

If this court agrees with Picon that Gallagher Bassett's denial is ambiguous the case must go to the jury for a determination of the intended meaning of the denial. Ultimately, the jury must decide whether Gallagher

Bassett's denial in the workers' compensation case is clearly irreconcilable with the position it took in this action because the denial does not support the argument made before the district court that Gallagher Bassett denied the surgery on the major contributing cause, combined with the other evidence there is ambiguity in the denial which cannot be overlooked.  That argument is certainly not supported on the face of the denial.

Although the basis of the denial was set forth in the Picon's opening brief, it bears repeating here because Gallagher Bassett, even now, in the face of uncontroverted evidence of the content of its denial is operating under the false premise that it only declined to authorize shoulder surgery. It is assumed that Gallagher Bassett is taking this position in an effort to support its argument that its "denial" was based on "major contributing cause."  Yet, the evidence shows that Gallagher Bassett's attorney wrote Picon's attorney an email which stated: ***"[P]lease see attached IME report from Dr. Blinn which indicates your client's shoulder condition is unrelated to her work activities.***  Accordingly, our client will not authorize the shoulder manipulation prescribed by Dr. Font-Rodriguez." The same day, the claims adjuster wrote Dr. Font-Rodriguez an email indicating "[B]ased upon our 08.23.12 IME with Dr. Blinn, surgery will not be authorized under workers' compensation.  ***Please note that no further***

4

***shoulder treatment with be authorized, as Dr. Blinn did not feel her shoulder complaints were related to her job duties."*** [Emphasis added].

Despite Gallagher Bassett's assertion that its "denial" stemmed from the lack of evidence of "major contributing cause," it is fairly evident that this denial has nothing at all to do with major contributing cause. The Claimant agrees that when major contributing cause is at issue in a workers' compensation case it is a factual question for the Judge of Compensation Claims. However, the question here is whether Gallagher Bassett took clearly irreconcilable positions – not whether the "major contributing cause" doctrine applies. The question of whether Gallagher's positions are irreconcilable is based upon its own "denial" and the circumstances surrounding the denial. In order to reach that secondary question of whether "judicial estoppel" applies the jury must first determine what Gallagher Bassett intended when it denied the claim. If "major contributing cause" was Gallagher Bassett's intended reason for this denial, it missed its mark.

Additionally, Dr. Blinn's report, the sole evidence relied upon by Gallagher Bassett to support its denial, purportedly based on major contributing cause, in no way, shape or form suggests that Picon's work or work duties contributed to the Picon's shoulder problems. In fact, the contrary is actually true. So, frankly, a denial based on major contributing

5

cause makes no sense, if that is truly what Gallagher Bassett intended. Such a denial would stand only if Picon's shoulder injury was partially related to a preexisting condition and partially related to repetitive trauma and, at some point, it was determined by objective medical evidence that the preexisting condition overtook the work accident as the major contributing cause of the disability or need to treatment – meaning that the preexisting condition was at least 51% responsible. *Cespedes v. Yellow Transportation*, 38 Fla. L. Weekly D933b (Fla. 1st DCA April 24, 2013); *see generally Jackson v. Merit Elec.*, 37 So. 3d 381, 383 (Fla. 1st DCA 2010).

If, for example, Dr. Blinn had said that even 1% of the disability and need for treatment was attributable to work then Gallagher would have had a viable major contributing cause defense. However, this is not what happened here. Dr. Font-Rodriguez, the treating physician selected and authorized by the Carrier opined in his July 5, 2012, report that Picon's right shoulder condition is not preexisting or related to her rheumatologic problem. On the other hand, Dr. Blinn attributed the Claimant's shoulder injury to "patient disease" and specifically opined that Picon's shoulder condition "is unrelated to her work activities." The record clearly establishes that the basis of that denial was Gallagher Bassett's reliance on the opinion of Dr. Blinn who said there was no work connection, period. In his report, Dr.

6

Blinn never once mentions "major contributing cause" and does not attribute any percentage of impairment to repetitive trauma.

Picon has made no effort whatsoever to blur the distinctions between a determination of whether her employment is a "major contributing cause" of her injury and whether the injury occurred within the "course an scope of her employment," as suggested by Gallagher Bassett. The lines are very clear and well established by Florida law. The distinction between denial of a claim on the basis that work duties [or the a work accident] are not the "major contributing cause" of the disability or need for treatment and an assertion, as was made here, that the Claimant's injuries and the need for surgery did not arise out of her work duties were discussed at length in the initial brief. Gallagher Bassett's argument emphasizes its failure to appreciate the abstruse distinction between the concepts involved.

Gallagher Bassett asserts that *Mena, Schroeder and Elliot* are easily distinguishable from the present case because Gallagher Bassett never raised the issue of whether Picon's accident occurred "in the course and scope of employment." First, there is no viable distinction between denying a case on the basis that the accident did not arise out of and in the course and scope of employment and denying a claim on the basis that injury and the need from surgery were not related to Picon's work duties. Picon recognizes the

7

distinctions between these three cases and the present case. However, each of these three cases are cited for the general proposition underlying the decisions which is, where the denial is ambiguous, as it is here, summary judgment is particularly unsuitable if resolution of the factual dispute even suggests the "possibility" of estoppel. *Id.*

On page 17 of the answer brief Gallagher Bassett, in fact, concedes that they denied Picon's request to authorize shoulder surgery on grounds that her injury was not related to her employment. That is the same thing as saying the injury did not arise out of and in the course of her employment. The former addresses the "compensability" of the claim and the latter addresses the employer/carrier's obligation to provide continuing coverage for a compensable injury. Gallagher Basset's ambiguous denial in the workers' compensation case appears to suggest that there is no relationship whatsoever between the Claimant's work duties and the accident which can only lead to one conclusion and that is that the denial was intended to mean that the accident and/or injuries did not arise out of and in the course of employment.

Picon need not explain, as proposed by Gallagher Bassett, why the statement that the shoulder condition is unrelated to her work activities is clearly irreconcilable with Gallagher Bassett's later position that Picon's

8

employment is not the major contributing cause of her injury and its defense of workers' compensation exclusivity. This is not a question for Picon. In fact, it should have been left for the jury to decide. It is not Picon's position on appeal that Gallagher Bassett took irreconcilable positions, even though she believes the evidence supports that it did; rather, it is her position that the denial is ambiguous and so this case was improper for summary judgment.

## CONCLUSION

Since there are genuine issues of fact which should properly be resolved by the fact finder, the order granting summary judgment in favor of Gallagher Bassett should be reversed and the case remanded for a determination by the trier of fact as to the intent of Gallagher Bassett's denial and whether judicial estoppel should apply.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 12th day of September 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

_____
H. CLAY ROBERTS, ESQUIRE
Florida Bar Number 262307
Roberts & Durkee. P.A.,
Alhambra Towers, Penthouse I
#121 Alhambra Plaza, Suite 1603
Coral Gables, FL 33134
Ph: (305)442-1700
Fax: (305)442-2559
roberts@rdlawnet.com


_____
KIMBERLY A. HILL, ESQUIRE
Florida Bar Number: 0814059
Kimberly A. Hill, P.L.
821 SE 7th Street
Fort Lauderdale, FL 33301
Phone (954)533-4764
Kimberlyhillappellatelaw@gmail.com

# SERVICE LIST

Counsel for the Plaintiff/Co-Counsel for Appellant

Martha D. Fornaris, Esquire
Law Office of Martha D. Fornaris,
65 Almeria Ave
Coral Gables FL 33134-6118

Counsel for the Defendant/Appellee

John James Goran, Esquire
Mintzer Sarowitz Zeris Ledva & Meyers, LLP
1000 NW 57th  Ct Suite 300
Miami, FL 33126

Clerk of the Court

John Ley,
Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303